IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOROTHY ARNOLD, et al., | ] |
| Plaintiffs, | ] |
| v. | ] 2:15-cv-02049-KOB |
| UNITED STATES PIPE & FOUNDRY COMPANY, LLC, et al., | ] |
| Defendants. | ] |

## MEMORANDUM OPINION

This case is one of 14 consolidated cases involving Plaintiffs' allegations that Defendants operated a pipe-making facility in Birmingham, Alabama that released harmful chemical contaminants into areas occupied or frequented by Plaintiffs, causing personal injury and property damage. This matter is before the court on Defendants United States Pipe and Foundry Company, LLC (USPF) and Mueller Water Products, Inc.'s (Mueller) "Motion for Summary Judgment as to Plaintiff Eugene Maddox's Time-Barred Claims." (Doc. 9 [redacted]; Doc. 13 [sealed]). Plaintiff filed a response (doc. 77) and Defendants filed a reply. (Doc. 82). Plaintiff then moved for, and was granted, leave to file a sur-reply. (Docs. 88, 89, 91).

For the reasons stated in this Memorandum Opinion, the court will **GRANT** Defendants' Motion for Summary Judgment as to Plaintiff Eugene Maddox's Time-Barred Claims.

I.    **Standard of Review**

Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed.

R. Civ. P. 56. When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56©.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden shifts to the non-moving party to produce sufficient favorable evidence "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted).

When ruling on a motion for summary judgment, the court should view all evidence and inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). The evidence of the non-moving party "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks and citations omitted).  This

standard exists because "the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson*, 477 U.S. at 255).

After both parties have addressed the motion for summary judgment, the court must grant the motion only if no genuine issues of material fact exist and if the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

## II.     Factual and Procedural Background

Plaintiff Eugene Maddox asserts several state law personal injury and property damage claims related to Defendants' release of chemical contaminants from USPF's Birmingham pipe-making facility, which closed in 2010. Mr. Maddox does not specifically allege the nature of his injuries or property damage in the Complaint, nor does he provide any information about his dates of discovery or diagnosis. Rather, he claims to have contracted one or more of the "linked diseases" identified in the Complaint and to have generally suffered property damage. The "linked diseases" include hearing loss.

In February 2015, before this lawsuit's filing and as part of a pre-litigation demand, Mr. Maddox's previous attorney submitted a chart with putative plaintiffs' information to USPF and Mueller. This chart contained Mr. Maddox's identifying information and listed his injury as hearing loss and his date of diagnosis as 2006. Mr. Maddox filed this suit on September 21, 2015.

## III.    Discussion

Defendants allege that Mr. Maddox's personal injury claims predicated on his hearing loss are time-barred whether Alabama law governs or federal law preempts Alabama law.

Defendants argue that Mr. Maddox cannot invoke preemption because he cannot state a claim under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), commonly known as the "Superfund" law. Mr. Maddox submits that CERCLA preempts the Alabama statute of limitations in this case and that his personal injury claims are timely; he notes that he asserts personal injury claims other than his hearing loss. Defendants do not contend that Mr. Maddox's property damage claims are time-barred.

### A.   Alabama Statute of Limitations

Because this court sits in diversity, Alabama substantive law, including the statute of limitations, presumptively governs these proceedings. *See Mississippi Valley Title Ins. Co. v. Thompson*, 802 F.3d 1248, 1251 n.2 (11th Cir. 2015) (internal citations omitted). Alabama law imposes a two-year statute of limitations for personal injury claims. Ala. Code § 6-2-38(l). The two-year period begins to run as to toxic substance exposure claims "only when there has occurred a manifest, present injury." *Griffin v. Unocal Corp.*, 990 So. 2d 291, 293 (Ala. Jan. 25, 2008) (quoting and adopting as its opinion the reasoning in Justice Harwood's dissent in *Cline v. Ashland, Inc.*, 970 So. 2d 755, 773 (Ala. 2007)). An injury is manifest when it "has evidenced itself sufficiently that its existence is objectively evident and apparent, even if only to the diagnostic skills of a physician." *Cline*, 990 So. 2d at 773 (Harwood, J., dissenting). The Alabama Supreme Court in *Griffin* explicitly overruled its "date of last exposure" rule for toxic substance exposure claims, set forth in *Garrett v. Raytheon Co.*, 368 So. 2d 516 (Ala. 1979).

The Alabama Supreme Court, explaining its statement in *Griffin* that the decision would apply prospectively, stated that the new "manifest, present injury" rule applied "only to those persons whose last exposure to a toxic substance, and first manifest injury resulting from that

4

exposure, occurred within the two-year period before this Court released its opinion in *Griffin*." *Jerkins v. Lincoln Elec. Co.*, 103 So. 3d 1, 5 (Ala. 2011).

Mr. Maddox has not disputed the evidence, which was originally provided by his own attorney to Defendants, showing that he was diagnosed with hearing loss in 2006. Thus, his hearing loss injury manifested, at the latest, in 2006. Without more information, the court cannot determine whether that diagnosis occurred within two years of the January 25, 2008 *Griffin* decision, so that his diagnosis began the running of the statute of limitations. However, it need not make such a determination, because the USPF pipe-making facility closed in 2010—meaning Mr. Maddox's date of last exposure was, at the latest, December 31, 2010. *Cf. Evans v. Walter Indus., Inc.*, No. 1:05-cv-01017-KOB (N.D. Ala. Sept. 24, 2008), ECF Doc. 186, at 29–30 (holding that where "unremediated emissions from the Defendants' facilities have, allegedly, settled and remained on the Plaintiffs' properties . . . . the continued presence and passive migration of contaminants" did not constitute a continuing trespass).

If Mr. Maddox was diagnosed within two years of January 25, 2008, then the statute of limitations began running when he was diagnosed in 2006 and expired in two years. If, however, his diagnosis occurred prior to January 25, 2006, then his 2010 date of last exposure started the running of the statute of limitations, which would have expired in 2012. Thus, under either the *Garrett* or the *Griffin* standard, Mr. Maddox's claims for hearing loss accrued more than two years prior to the date he filed this lawsuit, September 21, 2015, and so are time-barred.

**B.     Federally Required Commencement Date Under CERCLA**

Mr. Maddox argues that federal law under CERCLA preempts Alabama law to start the clock on the statute of limitations at a date later than 2006 or 2010. He does not assert a cause of

action under CERCLA. CERCLA governs personal injury and property damages actions involving exposure to hazardous substances, pollutants, or contaminants released into the environment from a facility. It imposes a "federally required commencement date" (FRCD) on such actions. The FRCD is defined by the law as "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages . . . were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A). The statute mandates that "if the applicable limitations period for such action [i.e., the state statute of limitations period] . . . provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute." 42 U.S.C. § 9658(a)(1).

The U.S. Supreme Court has deemed this provision a "discovery rule" and noted that the rule unquestionably preempts conflicting statute statutes of limitations. *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2180 (2014).

Section 9659 provides a private right of action under CERCLA to sue any person "alleged to be in violation of any standard, regulation, condition, requirement, or order which has become effective pursuant to this chapter[.]" 42 U.S.C. § 9659. Defendants cite several cases holding that § 9658 does not broadly preempt state statutes of limitations in all toxic tort cases, but rather only applies when CERCLA provides a cause of action, whether or not that cause of action is asserted. *See, e.g.*, *Blankenship v. Consolidation Coal Co.*, --- F. 3d ----, 2017 WL 937467, at *4–5 (4th Cir. Mar. 9, 2017) (analyzing "whether the facts of the plaintiffs' complaints give rise to claims that could be asserted under CERCLA"); *Barnes* ex rel. *Barnes v. Koppers, Inc.*, 534 F.3d 357,

6

365 (5th Cir. 2008) (concluding "that § 9658 operates only where the conditions for CERCLA cleanup are satisfied"); *Becton v. Rhone-Poulenc, Inc.*, 706 So. 2d 1134, 1137 (Ala. 1997) (holding that § 9658 was inapplicable where plaintiff could not state a claim under CERCLA).

These decisions have hewn closely to the text of the statute, reasoning that traditional principles of federalism and the presumption against preemption dictate a narrow construction of the CERCLA discovery rule. *See, e.g.*, *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 868–69 (4th Cir. 1989) (quoting *Baker, Watts & Co. v. Miles & Stockbridge*, 876 F.2d 1101, 1107 (4th Cir. 1989) (en banc)) (holding that to find that Congress intended for § 9658 to preempt state law in an area outside of CERCLA's scope "would be contrary to the principles of comity which demand that in our federal system, state law not be preempted unless it is the 'clear and manifest purpose of Congress'"); *see also Irving v. Mazda Motor Corp.*, 136 F.3d 764, 767 (11th Cir. 1998) (quoting *Taylor v. Gen. Motors Corp.*, 875 F.2d 816, 823 (11th Cir. 1989)  (noting the "strong presumption" against finding express preemption "when the subject matter, such as the provision of tort remedies to compensate for personal injuries, is one that has traditionally been regarded as properly within the scope of the states' rights").

As the Fourth Circuit put it,

> were we to interpret § 9658 to preempt state law in a case involving harms for which CERCLA itself provides no remedy, we would not only be departing from the stated scope of CERCLA, we would be distorting the traditional relationship between state and federal law, which limits federal preemption to when Congress has clearly provided for it.

*Blankenship*, 2017 WL 937467, at *4.

The Eleventh Circuit has not specifically addressed this issue. But it has held that the CERCLA discovery rule did not restrict the period for which plaintiffs could recover damages. In doing so, the court observed that § 9658 established "a federally mandated 'discovery rule' for environmental torts brought under state law, despite the fact that Georgia generally does not provide such a rule for torts involving only property damage." *Tucker v. Southern Wood Piedmont Co.*, 28 F.3d 1089, 1091 (1994). The plaintiffs in *Tucker* had sued under CERCLA, alleging damages to natural resources. *Tucker v. Southern Wood Piedmont Co.*, 1993 WL 733015, at *1 (M.D. Ga. Mar. 25, 1993).

Faced with allegations of property damage from contaminants and pollutants released by USPF and other defendants' foundries and smelters in Anniston, Alabama, this court previously determined that CERCLA applied to "engraft[] upon Alabama's 'applicable limitations period' a discovery period, such that the limitations period will have a 'commencement date' when the Plaintiffs knew or should have known of the property damage caused by the hazardous substances alleged in the complaint." *Evans v. Walter Indus., Inc.*, 579 F. Supp. 2d 1349, 1353, 1357 (N.D. Ala. 2008) (Bowdre, J.). The *Evans* plaintiffs brought only state law claims. The court rejected the argument that § 9658 applied solely in cases with CERCLA claims, citing with approval the Alabama Supreme Court's statement that § 9658 applies where facts *could* support a CERCLA violation. *Id.* at 1354, 57 (citing *Becton*, 706 So. 2d at 1137). Importantly, the court decided *Evans* on motions to dismiss, where a plaintiff has no burden to produce evidence in support of its allegations. *See id.*

The court is persuaded that § 9658's preemption is limited to those cases where facts could support a CERCLA claim. The court additionally finds that this conclusion is consistent

both with its ruling in *Evans* and the Eleventh Circuit's ruling in *Tucker*, where the plaintiffs sued under CERCLA and "no issue was raised . . . as to whether § 9658 would apply in the absence of underlying CERCLA claims or CERCLA hazardous waste." *Becton*, 706 So. 2d at 1140.

Mr. Maddox has failed to produce admissible evidence proving facts that would support a CERCLA claim. *Accord Becton*, 706 So. 2d at 1141 (affirming the trial court's grant of summary judgment in favor of defendants "because [the plaintiff] failed to present substantial evidence that his injuries were caused by exposure to a hazardous substance released into the environment"). Once Defendants raised the defense of the statute of limitations, Mr. Maddox was required to "carry his burden" to prove that his claim "arose from a 'release' of 'hazardous substances' into the 'environment,' as well as other case-specific preconditions establishing that the defendant's 'facility' falls within CERCLA." *Barnes*, 534 F.3d at 365 (citing *O'Connor v. Boeing North American, Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002)).

Allegations in a pleading do not constitute evidence. Mr. Maddox offered no evidence that exposure to hazardous substances released by Defendants into the environment caused his hearing loss. Thus, the court does not reach the question of when Mr. Maddox knew or should have known of his hearing loss claim based on Defendants' "pollution of certain neighborhoods with toxic substances" from its pipe-making facility in Birmingham. (Doc. 1-1 at 5, ¶ 9).

### III.  Conclusion

Because Mr. Maddox has failed to create a triable issue of fact as to whether CERCLA's discovery rule applies to this matter, the court applies the two-year Alabama statute of limitations. Under either potentially applicable standard applying that statute to toxic substance

exposure claims, Mr. Maddox's hearing loss claim is time-barred under state law. Without more information regarding the nature of Mr. Maddox's other personal injury claims, the court cannot make a determination as to whether those additional claims are time-barred.

The court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff Eugene Maddox's Time-Barred Claims, specifically as to his claims for hearing loss diagnosed in 2006. The court will enter a separate order consistent with this opinion.

**DONE** this 31st day of March, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE